# UNITED STATES DISTRICT COURT

__Eastern__ District of __Pennsylvania__

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| V. | |
| LEE E. DAVIS, JR. | Case Number: DPAE2:09CR000343-001; 2:12CR000118-001 |
| | USM Number: 63917-066 |
| | Susan M. Lin, Esquire; Maranna J. Meehan, Esq. |
| | Defendant's Attorney |

**THE DEFENDANT:**

X pleaded guilty to count(s)   One of the Supeseding Indictment in CR. 09-343 and to Count 5 of Indictment in CR 12-118

☐ pleaded nolo contendere to count(s) _____
  which was accepted by the court.

☐ was found guilty on count(s) _____
  after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C.§ 1343 | Wire Fraud   (Cr. 09-343) | 08/23/2005 | 1 |
| 18 U.S.C.§ 1341 | Mail Fraud   (Cr. 12-118) | 01/25/2012 | 2 |

The defendant is sentenced as provided in pages 2 through __7__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____
X Count(s)  2 through 8 in Cr. 09-343 and  1 through 4 in Cr. 12-118   ☐ is   x are   dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

November 30, 2012
Date of Imposition of Judgment

_/s/ Jan E. DuBois_
Signature of Judge

Jan E. DuBois, U.S.D.J.
Name and Title of Judge

November 30, 2012
Date

12-5-12 CC:
All Counsel
USM
Probation
Pretrial
ST CIU
Fiscal
FLU

DEFENDANT: LEE E. DAVIS, JR.
CASE NUMBER: DPAE2:09CR000343-001; DPAE2:12CR000118-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

Seventy (70) months on Count One of the Superseding Indictment in Criminal No. 09-343, and to a concurrent term of imprisonment of seventy-seven (77) months on Count Five of the Indictment in Criminal No. 12-118, for a total sentence of seventy-seven (77) months in the two cases. The sentence in Criminal No. 12-118 is based on a sentence of seventy (70) months for the underlying offense plus seven (7) months under 18 U.S.C. § 3147 because the offense in Criminal No. 12-118 was committed while defendant was on pretrial release in Criminal No. 09-343. The total sentence of seventy-seven (77) months in the two cases shall run consecutively to the sentence imposed in Criminal No. 11-123 in the United States District Court for the Eastern District of Pennsylvania.

X   The court makes the following recommendations to the Bureau of Prisons:

That defendant be designated to FCI-Schuylkill or, if qualified, its satellite camp, or some other institution in close proximity to the Philadelphia, Pennsylvania area where his family resides and at which he can receive appropriate mental health treatment. A copy of Dr. Catherine Barber's report of September 21, 2012, covering, *inter alia*, her diagnoses and recommendations for mental health treatment, shall be provided to the Bureau of Prisons in connection with this recommendation.

X   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant shall surrender to the United States Marshal for this district:

☐ a _____ ☐ a.m. ☐ p.m. on _____ .

☐ as notified by the United States Marshal.

The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

before 2 p.m. _____ .

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered _____ to _____

at _____ , with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____

DEFENDANT: LEE E. DAVIS, JR.
CASE NUMBER: DPAE2:09CR000343-001; DPAE2:12CR000118-001

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

Three (3) years on Count One of the Superseding Indictment in Criminal No. 09-343, and Count Five of the Indictment in Criminal No. 12-118, such terms to run concurrently.

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- [x] The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- [x] The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)
- [x] The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- [ ] The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- [ ] The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Judgment—Page 4 of 7

DEFENDANT: LEE E. DAVIS, JR.
CASE NUMBER: DPAE2:09CR000343-001; DPAE2:12CR000112-001

# ADDITIONAL SUPERVISED RELEASE TERMS

1. Defendant shall pay the restitution imposed by this Judgment that remains unpaid at the commencement of his supervised release at the rate of not less than $50.00 per month while defendant is self-employed or employed by others;

2. Defendant shall not incur new credit charges or open additional lines of credit without the prior approval of the United States Probation Office until his restitution is paid-in-full;

3. Defendant shall provide the United States Probation Office with access to any requested financial documents or other financial information;

4. Defendant shall notify the United States Probation Office of any assets received after imposition of this Order, and shall not disperse his interest in any assets including, but not limited to, income tax refunds, inheritance, insurance and lawsuit settlements, or gambling winnings, without the prior approval of the United States Probation Office;

5. Defendant shall participate in a program or programs of mental health treatment at the direction of the United States Probation Office, until such time as the defendant is released from the program or programs by the United States Probation Office. Such mental health treatment shall include individual psychotherapy with appropriate mental health professionals and shall address issues related to defendant as an adult child of alcoholic parents and his related mental health issues including depression;

6. Defendant shall participate in Al-Anon meetings as directed by the United States Probation Office; and,

7. Defendant is prohibited from engaging in any occupation in the insurance or financial industries. In imposing this condition the Court finds that there is a reasonably direct relationship between defendant's occupation in such industries and the conduct relevant to the offenses of conviction and that imposition of this restriction is reasonably necessary to protect the public because there is reason to believe that, absent such restriction, defendant will continue to engage in unlawful conduct similar to that for which the defendant was convicted. This condition is imposed for the minimum time and to the minimum extent necessary to protect the public.

DEFENDANT:    LEE E. DAVIS, JR.
CASE    DPAE2:09CR000343-001; DPAE2:12CR000112-001

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| TOT | $ 200.00 | $ N/A | $ $1,964,934.15 |

☐ The determination of restitution is _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be after such determination.

X    The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution | Priority or |
|---|---|---|---|
| See Page 6 for information regarding restitution | $1,964,934.15 | $1,964,934.15 | |
| **TOTALS** | $ 1964934.15 | $ 1964934.15 | |

☐ Restitution amount ordered pursuant to plea _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

X    The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    X    the interest requirement is ☐ fine   X   restitution.

    ☐    the interest ☐ fine ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: LEE E. DAVIS, JR.
CASE NUMBER: DPAE2:09CR000343-001; DPAE2:12CR000112-001

# ADDITIONAL TERMS FOR CRIMINAL MONETARY PENALTIES

Defendant shall pay restitution in the total amount of $ 1,964,934.15 to the victims identified below in the amounts specified:

| Victim | Amount Owed |
|---|---|
| Moninghoff Investments/North Star Builders<br>Attn: Kenneth J. Moninghoff<br>1309 Polar Avenue<br>Voorhees, New Jersey 08043 | $50.,000.00 |
| Wilco Enterprises<br>Attn: Joe Wilson<br>405 Amelia Street<br>Fredericksburg, Virginia 22401 | $125,000.00 |
| Burger Biz, LLC/Bridgette Foods/S.S. &L. Real Estate Holdings<br>Attn: Gary Andrzijewski<br>1937 Greenspring Drive<br>Timonium, Maryland 21903 | $14,507.00 |
| SPE Lisacul Construction<br>Attn: John Rouse<br>2109 Bellemeade Avenue<br>Havertown, Pennsylvania 19803 | $114,588.00 |
| 1st Choice Staffing<br>1 Southern Oaks Courts<br>Suite 500<br>Savannah, Georgia 31405 | $458,262.41 |
| Impact Solutions<br>Attn: Michael Griffith<br>105 Mauldin Drive<br>Alpharetta, Georgia 30004 | $639,292.74 |
| Staff Right<br>P.O. Box 450065<br>Garland, Texas 75045 | $333,468.47 |
| Township of Voorhees<br>Attn: Howard C. Long, Jr., Esquire<br>1250 Chews Landing Road<br>Suite 1<br>Laurel Springs, New Jersey 08021 | $229,815.53 |
| **Total Restitution** | $1,964,934.15 |

Restitution is due immediately. Interest on the restitution is waived. It is recommended that defendant pay his restitution obligation while in custody in accordance with the Bureau of Prisons Inmate Financial Responsibility Program provided, however, that defendant shall pay his restitution in quarterly installments of not less than $25.00 out of his prison earnings unless his prison earnings after payment of his special assessment are less than $25.00 a quarter, in which event, the quarterly installment shall be the amount of his prison earnings. Beginning thirty (30) days after defendant is released from custody, defendant shall pay the balance due on his restitution obligation in monthly installments of not less than $50.00 while defendant is self-employed or employed by others.
   Restitution payments shall be made payable to the Clerk, U.S. District Court for the Eastern District of Pennsylvania, for pro rata distribution to the victims on the list above.
   The Court finds that defendant has sufficient assets, income and income earning potential to warrant imposition of the restitution obligation and payment schedule, taking into account his expenditures for food, clothing, shelter and other necessities for himself and his family.
   The Court finds that defendant has insufficient assets, income and income earning potential to warrant imposition of a fine in addition to the restitution obligation. Accordingly, the Court waives a fine in this case.
   Defendant shall pay a special assessment of $200.00 to the United States of America which shall be due immediately. The Court recommends that, while in custody, defendant pay his special assessment pursuant to the Bureau of Prisons Inmate Financial Responsibility Program provided, however, that defendant shall pay the special assessment in quarterly installments of not less than $25.00 out his prison earnings, unless his prison

DEFENDANT: LEE E. DAVIS, JR.
CASE NUMBER: DPAE2:09CR000343-001; DPAE2:12CR00011&-01

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A** ☐ Lump sum payment of $ _____ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance ☐ C, ☐ D, ☐ E, or ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** X Special instructions regarding the payment of criminal monetary penalties:

    See Page 6.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.